IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Nesmith, #20082681, | ) | C/A No.: 6:09-1299-JFA-WMC |
| | ) | |
|       Petitioner, | ) | |
|  vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina; County of Georgetown, | ) ) | |
| | ) | |
|       Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Christopher Nesmith, is pretrial detainee at the Georgetown County Detention Center. He initiated this action pursuant to 28 U.S.C. § 2241 challenging various issues related to his incarceration on his pending state criminal charges. Specifically, Nesmith contends that he was denied the ability to contact counsel when he was arrested and that he was never seen by a judge or served with a warrant on one of the offenses for which he is detained.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the petition is subject to summary dismissal because the petitioner has not exhausted his state remedies. The Magistrate Judge opines that because the petitioner is currently detained on state charges, that this court should not interfere with the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

petitioner's state criminal proceedings. United States District Courts are not authorized to interfere with a state's pending criminal proceedings absent extraordinary circumstances which the petitioner has failed to allege. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 29, 2009. He did not file any timely objections[2] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without requiring the respondents to file a return.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
June 23, 2009                                                        United States District Judge
Columbia, South Carolina

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).